# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARK YEARWOOD,

    Plaintiff,

v.

LIBERTY MUTUAL
INSURANCE CO.,

    Defendant.
_____/

CASE NO.:

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

Mark Yearwood ("Yearwood"), by and through his undersigned counsel, hereby files this Verified Complaint against Liberty Mutual Insurance Co. ("Defendant") for violation of the Family Medical Leave Act ("FMLA"), and for violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* (hereafter the "ADA"), and in support states as follows:

### NATURE OF ACTION

1. This is an action arising from and seeking redress for Defendant's violations of:

    a. the FMLA; and

    b. ADA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction because this action involves claims for damages and reasonable attorneys' fees and costs under federal statutes, FMLA and the ADA.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Yearwood's claims occurred in the Middle District of Florida.

## PARTIES

4. Yearwood is a resident of Winter Park, Orange County, Florida.

5. At all material times herein, Yearwood was an "employee" of Defendant defined 42 U.S.C. § 2000e(f).

6. Defendant is a foreign for profit corporation with an office at 1000 AAA Drive, Ste. 150, Lake Mary, Florida.

## PROCEDURAL REQUIREMENTS

7. Yearwood timely dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") on October 26, 2020, relating to his ADA claim.

8. The EEOC's made no determination as to the merits of Yearwood's allegations within the one-hundred eighty (180) day period following the filing of his charge of discrimination.

9. Yearwood has satisfied any and all administrative requirements precedent to the filing of this action.

## FACTUAL ALLEGATIONS

10. Yearwood was employed by Defendant as a sales agent.

11. In 2019, Yearwood began to experience panic attacks as a result of chronic work stress.

12. As a result, he sought treatment from a physician, who diagnosed him with an anxiety disorder.

13. After disclosing his condition to Defendant, Yearwood requested leave pursuant to the FMLA, which Defendant ultimately granted after receiving information from his physician.

14. Yearwood was out on leave from December until March 31.

15. On April 3, 2020, four days after his return to work, Yearwood's supervisor asked him about forty-five (45) sales calls of which he was a participant.

16. Defendant alleged Yearwood had hung up on prospective customers, which was false.

17. As a result of the false allegation, Yearwood asked to listen to the at-issue calls as all sales calls are recorded.

18. Although such a request is routinely granted following this type of allegation, his was denied.

19. Instead, Yearwood was told an investigation would be conducted.

20. However, without ever having been interviewed as part of the purported investigation, with no opportunity to listen to the 45 at-issue calls, and with no opportunity to review and respond to the findings of the alleged investigation, Mr. Yearwood was fired on April 10, 2020, for "call avoidance."

## COUNT I: FMLA RETALIATION

21. Yearwood incorporates by reference paragraphs 1-6, 10-12, and 15-20 of this Verified Complaint.

22. Yearwood met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons.

23. Yearwood was entitled to FMLA leave.

24. Yearwood engaged in statutorily protected activity by applying for and taking leave under the FMLA.

25. Thereafter, Yearwood suffered adverse employment decisions as discussed above and incorporated herein.

26. These adverse decisions were made as a direct result of, and in retaliation for, Yearwood exercising his rights under the FMLA.

27. Defendant did not act in good faith, nor did it have any reasonable grounds for believing that its actions were in compliance with the FMLA.

28. Moreover, Defendant's proffered reason for engaging in the foregoing acts was merely pretext for its unlawful retaliatory actions against Yearwood for availing himself of the rights afforded to him under the FMLA.

29. As a result of Defendant's retaliatory conduct, Yearwood suffered lost compensation, including the loss of wages and benefits.

30. Yearwood has and will continue to incur attorneys' fees and costs in this action, and is entitled to recovery of his attorneys' fees and costs pursuant to the FMLA, 29 C.F.R. § 825.400(c).

WHEREFORE, Yearwood demands judgment against Defendant for:

   a. Lost wages and benefits;

   b. Liquidated damages;

   c. Injunctive relief;

   d. Attorney's fees and costs;

   e. Prejudgment interest; and

   f. Any other relief this Court deems just and proper.

## COUNT II: AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. § 12101 *et seq.*
### (DISABILITY (ACTUAL OR PERCEIVED) DISCRIMINATION)

32. Yearwood hereby incorporates the allegations set forth in paragraphs 1-12, and 16-20 by reference.

33. Yearwood is a qualified individual with a disability and/or handicap under the ADA.

34. Specifically, Yearwood was diagnosed with anxiety disorder

35. At all times material hereto, Yearwood was qualified to perform the essential functions of his position with or without reasonable accommodations.

36. Defendant discriminated against Yearwood on the basis of his disability by subjecting Yearwood to harassment, unjustified investigations, wrongful accusations, and then, ultimately, termination of his employment.

37. As a direct, proximate, and foreseeable result of Defendant's discriminatory actions, Yearwood has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

38. The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling Yearwood to front pay in lieu of reinstatement.

39. Yearwood has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Yearwood demands judgment against Defendant for:

    a.    Back pay;

  b. Front pay;

  c. Compensatory damages;

  d. Attorneys' fees and costs of this action pursuant to 42 U.S.C. § 12205; and

  e. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Yearwood hereby demands a trial by jury on all issues and counts triable of right before a jury.

Date:  April 7, 2022.   Respectfully submitted,

           s/ Christopher A. Pace
           Jill S. Schwartz, Esquire
           Florida Bar No.  523021
           Christopher A. Pace, Esquire
           Florida Bar No. 676721
           JILL S. SCHWARTZ & ASSOCIATES, P.A.
           655 W. Morse Blvd., Suite 212
           Winter Park, Florida 32789
           Telephone: (407) 647-8911
           Facsimile: (407) 628-4994
           E-mail: jschwartz@schwartzlawfirm.net
           E-mail: cpace@schwartzlawfirm.net

           Attorneys for Plaintiff

## **VERIFICATION**

Personally appeared before the undersigned, MARK YEARWOOD, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, are true and correct to the best of his knowledge, information and belief.

_____
MARK YEARWOOD

STATE OF FLORIDA          )
COUNTY OF Orange          )

The foregoing instrument was acknowledged before me this 7th day of April 2022, by MARK YEARWOOD, who is personally known to me or who has produced FL Drivers License as identification, and who did take an oath.

_____
Notary Public – State of Florida at Large
My Commission Expires: 8/22/23



AMY L. COOK
MY COMMISSION # GG 326959
EXPIRES: August 22, 2023
Bonded Thru Notary Public Underwriters